UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAMES GRAY,
  Plaintiff
     -v-
LT. PLAUGER, NURSE KRISTI CRITES, NURSE DENISE VANMETER, NURSE SINES, OFFICER J. DYE, sued in their official and individual capacities,
  Defendants

Civil Action No.:

COMPLAINT WITH JURY DEMAND

FILED ____ ENTERED
LOGGED ____ RECEIVED

JAN 24 2022

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## Introduction

This is a civil rights action filed by James Gray, a federal prisoner, for damages and injunctive relief under 42 U.S.C. sections 1331(1) and 1343, alleging excessive use of force and denial of medical care in violation of the Eighth Amendment to the United States Constitution and confinement in segregation in violation of the Due Process Clause of the Fifth Amendment.

-1-

## Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. sections 1331(1) and 1343.

## Parties

2. The plaintiff, James Gray, was incarcerated at FCI Cumberland ("FCI") during the events described in this complaint.
3. Defendants Lt. Plauger and J. Dye are correctional officers at FCI. They are sued in their individual and official capacities.
4. Kristia Crites, Denise VanMeter, and J. Sines are nurses at FCI. They are sued in their official and individual capacities.
5. All the defendants have acted, and continue to act, under color of federal law at all times relevant to this complaint.

## Facts

6. On 12/20/2021 at approximately 12:05 am, I started vomiting and was in severe pain in my stomach.

7. At 6:30 am on 12/20/2021, when the medical staff at FCI were available, I went to emergency sick call due to my stomach pain and continuous vomiting.

8. At approximately 7:00 am on 12/20/2021, I was seen by Nurse Kristi Crites ("CRITES"). CRITES gave me medication for my vomiting which ultimately proved ineffective. I did not receive any treatment for my severe stomach pain from CRITES although I told CRITES about the severity of my pain.

9. CRITES placed me in the medical observation room located in the rear of the Health Services building. When my stomach pain became unbearable, I pressed the emergency button in the observation room. CRITES responded to my call. I told CRITES that I was still vomiting and that my stomach pain was a "10 out of 10" in severity. I told her that I needed to go to a hospital if she was unable to treat my pain. CRITES did not treat my pain and told me that there was nothing more that she could do.

10. For the next ten hours, I was left in the medical observation room without treatment or care. During this time I pressed the emergency button at least six more times. Each time CRITES

-2-

answered my call and told me that she could not do anything more.

11. At 4:30 pm, at the end of CRITES' shift at FCI, CRITES requested that I be taken to a hospital. At 5:00 pm, I was admitted to a local hospital.

12. The hospital staff treated my pain with doses of both morphine and fentanyl. My pain went away after these treatments. I received another medication to treat my vomiting which also worked.

13. On 12/20/2021, a doctor at the hospital informed me that I needed to have surgery to treat a "high hernia" and a "lower hernia." This doctor also informed me about a medical issue concerning my esophagus, however, I do not remember his exact diagnosis.

14. On 12/21/2021 at approximately 7:00 pm, I was taken back to prison at FCI. I was not given any surgery as of the date of the complaint.

15. On 12/22/2021 at noon I was eating the hamburger served by FCI for lunch. Shortly thereafter, I began to have severe stomach pains again. After requesting emergency medical attention and repeatedly vomiting, the duty officer sent me to Health Services.

-3-

15. At Health Services on 12/22/2021, CRITES spoke to me about my medical issues and told me that I'm not supposed to be eating "any greasy foods." She also informed me that she was placing me on a "special diet."

16. During the time I was being seen by CRITES, I was still throwing up and in severe abdominal pain. I told CRITES about my severe pain but she did nothing to treat it. In the Health Services hallway I lost consciosness. Upon regaining consciosness, I'm lying on the floor with various guards around me screaming for me to get up off the floor.

17. Unable to get up, guards eventually lift me off the floor, strap me to a stretcher, and transport me to the same Health Services medical observation room that I'd been confined to on 12/20/2021.

18. After approximately twenty minutes of vomiting and experiencing the same intense stomach pain that I felt on 12/20/2021 that resulted in my hospitalization, I pressed the emergency button to request medical treatment at a hospital. In response to my emergency care request, Lt. Plauger ("PLAUGER"), CRITES, Nurse VanMeter ("VANMETER"), and a couple

-4-

other guards arrived.

19. Lt. Plauger grabbed the collar of my shirt and yanked me up off the bed. PLAUGER then shoved me to the ground injuring my head. PLAUGER hit me on the side of my head which caused me to feel dizzy. PLAUGER stated to me "I don't know what kind of bullshit you're up to, but you better knock it off. You are not going back to the hospital."

20. As the officers filed out of the room, VANMETER grabbed my shirt and yanked me backwards causing me to hit my head on the ground.

21. Approximately ten minutes after PLAUGER and VANMETER left the medical observation room a few other guards arrived, placed me in handcuffs, and transported me to the segregated housing unit (also known as "the hole" or "the SHU"). The SHU is used as a "jail within a jail" by FCI and is typically used as a form of punitive detention to punish prisoners who have committed an infraction of the BOP rules.

22. I was placed in a cell in the SHU with another inmate named Adrian Ferris ("FERRIS"), prisoner no. 21876-084, who was in the SHU for violating some prison regulation.

23. When I asked the SHU guards why I was being placed in the SHU, I was told that I was there for "medical observation."

24. I was still in severe pain and had never received medical treatment for my pain, so I pressed the emergency medical button about an hour or so after being placed in the SHU with FERRIS on 12/22/2021. The SHU officer that responded told me that I would be seen by medical sometime the next day and that I should not ask for medical attention any more.

25. At approximately 11:05 pm, I "had a seizure" according to FERRIS. I was on the floor of the cell, shaking and not responding to FERRIS. FERRIS pressed the emergency button to try to obtain help.

26. In response to my requests for medical attention on 12/22/2021, PLAUGER and a couple other guards came to my cell in the SHU. PLAUGER dragged me across the floor of my cell, yelled at me about pressing the button, and shoved me on the ground outside my cell in the hallway. The group of guards including PLAUGER transported me to a tiny room used for dressing or undressing inmates coming to or leaving the SHU.

-6-

27. The SHU dressing room in which I was placed had no toilet or sink. I was left in this room for a substantial period of time.

28. Lt. Plauger removed me from the dressing room/cell with a couple other guards. They placed me back inside cell Z01-117 with FARRIS. PLAUGER told FARRIS that he should "beat my ass," and locked me inside the cell with FARRIS. FARRIS did not assault me as instructed by PLAUGER. For many days afterwards, other SHU guards told FARRIS to beat me up. FARRIS never did so.

29. On 12/22/2021, Officer J. DYE ("DYE") wrote an incident report (IR # 3580313) claiming that I violated a prison regulation (Prohibited Act 208, Interfering With Security Devise) by "hitting [my] duress button," and "stating that [I] was sick and needed to see medical." Exhibit A is a copy of DYE's incident report. Although DYE states that I told him that I was in need of medical attention, DYE never notified the medical staff to provide me with care.

30. On another date, the DHO officer dismissed the fabricated incident report that DYE created alleging that I broke a prison regulation.

31. At no time during the night of 12/22/2021 or

-7-

the day of 12/23/2022 was I seen by the FCI medical staff for treatment or care of the above indicated medical issues.

32. I remained in the SHU in cell Z01-117 from 12/22/2021 until 1/5/2022 without ever receiving medical care for my extreme stomach pain, seizures, or vomiting. I was never taken to the hospital again as of the date of this complaint. I remained in pain for a week in the SHU.

33. On 12-26-2021, I requested a "cop out" form — a standard form used by inmates to make a formal written request to staff — from the SHU officer. The guard refused to give me the form. I asked another SHU officer who was making his rounds in the SHU. This officer also refused to give me a cop out. During my time in the SHU, I requested cop out forms from all of the SHU officers that passed by my cell, however, none would provide me with any forms.

34. On 12-26-2021, unable to obtain a cop out from a guard, I made a request on a blank sheet of paper addressed to Nurse Kristi Crites. I told CRITES about my severe pain, vomiting blood, and passing out. I explained to CRITES that "something is wrong," and that the doctor at the hospital

-8-

said that my surgery needed to be scheduled. I also wrote to CRITES that I was unable to eat because the special diet tray (that she claimed to have requested for me) was not being given to me in the SHU. In response to my written request, CRITES sent a message stating "you are scheduled w/ your provider." I never saw my care provider from 12/22/2021 to 1/5/2022 while I remained in the SHU for "medical observation." Exhibit B is a copy of my written note to CRITES and her response which I received on 12/27/2021.

    35. On 12/26/2021, I sent another note — I still was being refused cop outs by the staff — to the medical department asking that the medical department fix the situation with my special diet tray because I was unable to eat greasy foods. Two days later J. SINES sent me a response indicating that "the outside physician did not write an order for any special diet, therefore food services cannot change what they give you." Exhibit C is a copy of my note to J. SINES and the response from J. SINES as articulated above.

    36. On 1/11/2022, having been released

from the SHU to my housing unit (CC-1 housing unit), I notified my unit manager of the issues raised in this complaint, supra. My unit manager informed an unknown party about my concerns. On information and belief, my unit manager informed PLAUGER about my allegations.

37. Approximately ten minutes after I made the complaint to my unit manager on 1/11/2022 about the numerous issues articulated in this complaint, I was removed from my housing unit and placed back in the SHU.

38. In the SHU, I am being denied access to the cop outs I request and the grievance forms I need to further exhaust my administrative remedies with the BOP.

39. On information and belief, when a prisoner at FCI files a grievance, the grievance staff calls the matter to the attention of those individuals responsible for the matter that the grievance concerns.

40. Defendant Kristi Crites is responsible for arranging care outside the prison and is plaintiff's primary care provider.

41. The plaintiff is still in great pain and has not been scheduled for the surgery as his doctor

prescribed. Plaintiff has not received treatment for his pain nor has he been taken back to the hospital.

42. Plaintiff is now in the SHU under the custody of the correctional officers giving rise to the causes of action described in this complaint and being subjected to ongoing assault.

43. On information and belief, if the plaintiff is not promptly provided with the surgery prescribed by his doctor he risks permanent injury on top of his needless ongoing pain and suffering.

## Exhaustion of Administrative Remedies

44. Plaintiff has exhausted all of the administrative remedies available to him with respect to all claims and all defendants. Further plaintiff has filed a report with the Office of the Inspector General concerning the above and an FTCA (SF 95) claim with the Regional Director of the BOP concerning the torts alleged and described in this complaint.

## Claims for Relief

-11-

45. The plaintiff realleges and incorporates by reference paragraphs 1-44.

46. The actions of defendants Kristi Crites, Denise Vanmeter, and Lt. Plauger in using force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

47. The actions of Lt. Plauger in directing Inmate Ferris to assault and batter plaintiff in his SHU cell constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

48. The failure of defendant Kristi Crites to provide plaintiff with treatment by a doctor for ten hours on 12/20/2021 and from 12/22/2021 through 1/5/2022 knowing plaintiff was in severe pain and in need of a prescribed surgery constituted deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

49. The actions of J. SINES in failing to request or provide a medically necessary diet upon plaintiff's need for edible food while in the SHU constituted deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue an injunction ordering defendant Kristi Crites, her supervisor, or her agents to:
1. Immediately arrange for the treatment prescribed by the doctor who saw plaintiff on 12/20/2021 to include any necessary surgery or pain medication;
2. Carry out without delay any follow-up medical treatment prescribed by the medical practitioner who performs surgery upon plaintiff.
B. Issue an injunction ordering the Warden of FCI Cumberland to:
1. Investigate the allegations of assault and battery raised in this complaint; and
2. Release the plaintiff from punitive segregation and place him in general population away from the

SHU staff, who have assaulted him.

C. Award compensatory damages jointly and severally against:

1. Defendants Crites, VanMeter, and Lt. Plauger for the punishment, emotional injury, and physical injury sustained by plaintiff as a result of the plaintiff's beating.
2. Defendants Lt. Plauger, Kristi Crites, J. Dye, J. Sines, and Denise VanMeter for the physical and emotional injury resulting from their failure to provide adequate medical care of the plaintiff and deliberate indifference to plaintiff's serious medical needs.

D. Award punitive damages in the following amounts:

1. $100,000 each against defendants Plauger, Crites, VanMeter, and Dye;
2. $5,000 against defendant Sines.

E. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully submitted,

-14-

Dated: 1/20/2022

JAMES GRAY
Reg. No. 28370-509
F.C.I.
P.O. Box 1000
Cumberland, Md. 21501

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Cumberland, Maryland on 1/20/2022.

*James Gray*
JAMES GRAY

- 15 -